# GRUTZNER S.C., BYRON, HOLLAND & VOLLMER, Plaintiff-Respondent,

v.

# LABOR & INDUSTRY REVIEW COMMISSION, Defendant-Appellant.†

Court of Appeals

*No. 89-1297. Submitted on briefs January 5, 1990.—Decided February 6, 1990.*

(Also reported in 453 N.W.2d 920.)

† Petition to review denied.

For defendant-appellant there were briefs by *Michael J. Mathis* of the *Labor and Industry Review Commission*, Madison.

For plaintiff-respondent there was a brief by *Steven L. Vollmer* of *Grutzner S.C., Byron, Holland & Vollmer,* Beloit.

For the State Bar of Wisconsin there was an amicus curiae brief by *Anne B. Shindell* and *John A. Griner, IV,* of *Shindell & Bartley,* Milwaukee.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   The Labor and Industry Review Commission appeals a circuit court judgment reversing the commission's decision that certain part-time process servers were employees of Grutzner S.C., Byron, Holland & Vollmer, a law firm doing business in the city of Beloit, Wisconsin. The commission's decision was based upon the employer's failure to meet the criteria established in sec. 108.02(12)(b), Stats., which requires the alleged employer to prove that the alleged employees were customarily engaged in an independently established business. The commission argues that because the alleged employees were otherwise gainfully employed and devoted only a limited portion of their time to service of process they were not customarily engaged in an independent business of process serving. Because we conclude that sec. 108.02(12)(b) does not require an alleged employee to be engaged in an independent business on a full-time basis, we affirm the trial court's reversal and remand to the commission.

Jack Johnson, the police chief of South Beloit, Illinois, Joseph Sprecher, a deputy sheriff for Rock County, Kathy Sprecher, a full-time housewife, and Kent Hamblin, a fire fighter for the city of Beloit, served process for the law firm. When the firm needed legal papers

served, it would call one of these individuals. Whoever was available would pick up the papers at the law office, serve them and return the originals with an affidavit of service. The individuals serving process would determine the time, manner and method of serving process, furnish their own vehicle and any required legal forms and determine the charges for the services rendered.

The Unemployment Compensation Act defines an employee as any individual who performs services for pay for another. The Act then provides that if an alleged employer can demonstrate both that the alleged employee has and will continue to be free from the employing unit's control and direction over the performance of their services, and that such services have been performed in an independently established trade, business or profession in which the individual is customarily engaged, the individual will not be regarded as an employee for unemployment compensation purposes. Sec. 108.02(12)(b)2, Stats.

The commission determined that the law firm obtained services for which these individuals were paid during all four quarters of 1985 and for the first two quarters of 1986. The commission then concluded that the law firm did not maintain direction and control over the alleged employees in their serving process. The commission, however, concluded that these individuals were employees of the law firm because the firm failed to demonstrate that the employees were customarily engaged in an independently established business as required by sec. 108.02(12)(b), Stats.

The commission reasoned that because these individuals were gainfully employed in other occupations, they were not customarily engaged in an independently established process serving business. The commission said, for example, "it is clear that Mr. Johnson's profes-

sion is that of police chief, not process server." In reference to the other employees, the commission found, "In addition, both Mr. Sprecher and Mr. Hamblin maintained other employment unrelated to their process service work. The commission therefore finds that . . . the process servers did not perform their services for the employer in an independently established trade, business, or profession in which they were customarily engaged."

The commission's interpretation of sec. 108.02(12)(b)2, Stats., is a conclusion of law. Because there is no evidence that LIRC has regularly interpreted the phrase "customarily engaged" vis-a-vis part-time employment, we review this conclusion of law independently and without deference. *Driver's Local No. 695 v. LIRC*, 154 Wis. 2d 75, 452 N.W.2d 368 (1990).

The language the commission relied upon does not support its conclusion that the alleged employee must be engaged in a full-time independently established business. The commission has added a statutory requirement not required by the legislature in reasoning that the existence of other employment precludes the alleged employee from being engaged in an independent business. The statute's language is clear and unambiguous and makes no requirement that the independently established trade or business be a full-time occupation for an alleged employee. The term "customarily" refers to something done regularly or in general practice. Black's Law Dictionary 347 (5th ed. 1979). We therefore conclude that services rendered on a regular part-time basis by one who is otherwise employed on a full-time basis may be sufficient to establish that such individual is customarily engaged in an independently established

business as that term is used in sec. 108.02(12)(b)2, Stats. The commission's construction of the statute and subsequent finding that the alleged employees were not engaged in an independently established business because they were otherwise gainfully employed is unreasonable and an error of law, requiring this court to reverse the commission's decision.

In addition to the clear language of sec. 108.02(12)(b)2, Stats., there are significant and compelling reasons for rejecting the commission's construction of this statutory language. First, under its construction, it would be impossible for any individual engaged in a part-time business to meet the statutorily required exemptions. The result of this interpretation would be an employer/employee relationship in regard to all services rendered on a part-time basis by someone who is gainfully employed in another full-time position.

Second, the conclusion that all individuals operating part-time businesses are employees of their major clients for unemployment compensation purposes is contrary to the public policy underlying the Act. The Act is designed to protect economically dependent individuals. *Princess House, Inc. v. DILHR,* 111 Wis. 2d 46, 62, 330 N.W.2d 169, 177 (1983). The commission's interpretation imposes a tax on a relationship between individuals when no economic dependence exists. When an individual is engaged in full-time employment for another employer and is eligible for benefits through that employment, there is no public policy need to impose a tax on other relationships that do not encompass economic dependence.

The commission also noted that none of the process servers held themselves out as independent business per-

sons. Holding out is but one of a number of guidelines used in determining whether an employer/employee relationship exists. *See id.* at 46, 330 N.W.2d at 169. The commission must do more than simply rely on isolated evidence of a single factor to support its conclusion that an employment relationship exists. *See id.* at 53–54, 330 N.W.2d at 173. Insofar as the commission may have relied on this single factor in reaching its conclusion that an employment relationship exists, we hold that the findings relating to a single factor without further analysis are inadequate to support the commission's conclusion.

The commission erroneously interpreted the statute to require the employer to demonstrate that the alleged employees were engaged in a full-time occupation. Accordingly, we affirm the trial court's reversal and remand.

*By the Court.*—Judgment affirmed.